UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CHARLES AARON GOLDSTEIN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV408 HEA |
| | ) | |
| **MICHAEL MCKEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Michael McKee's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b) [Doc. No. 24]. Plaintiff has not responded to the Motion. For the reasons set forth below, Defendant's Motion will be granted.

## Background

Plaintiff Charles Aaron Goldstein, proceeding *pro se*, filed this action against Defendant alleging a civil rights violation pursuant to 42 U.S.C. § 1983 and seeks damages.

On October 15, 2021, Plaintiff filed a notice to the Court that his mailing address had changed and requested any mail pertaining to this case be sent to the new address he provided.

On October 21, 2021, a Case Management Order (CMO) was entered by this Court. The CMO outlined numerous deadlines that were to be followed by the parties in this matter. Pursuant to the CMO, initial disclosures were to be exchanged between the parties no later than November 26, 2021.

On December 9, 2021, Plaintiff filed a Motion to Appoint Counsel and requested the docket sheet. On that same date, the Clerk's Office mailed a copy of both the docket sheet and the CMO to Plaintiff.

On February 11, 2022, Defendant filed his Motion to Enforce Order for Initial Disclosures because Plaintiff had not served Defendant with his initial disclosures. Defendant confirmed he served disclosures on Plaintiff on December 8, 2021. Plaintiff did not respond to Defendant's Motion.

On April 26, 2022, this Court granted Defendant's Motion to Enforce Order for Initial Disclosures and ordered Plaintiff to serve full and complete disclosures to Defendant within ten days of his receipt of the Order. The Court warned that failure to comply with the Order would result in sanctions against Plaintiff, including the possibility of dismissal.

On July 26, 2022, Defendant filed the instant motion pursuant to Federal Rule of Civil Procedure 41(b), confirming that to date, after several attempts to contact Plaintiff at the address he provided, he still has not provided disclosures to Defendant.

**Discussion**

Federal Rule of Civil Procedure 41(b) allows for the dismissal of a cause of action due to a plaintiff's failure to comply with a court order. *See F.R.C.P. 41(b)*. "The district's court exercise of this power is within the 'permissible range of its discretion' if there has been a clear record of delay or contumacious conduct by the plaintiff." *American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 62 (8th Cir. 1988) quoting *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Id.* citing *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

In this case, the Court initially ordered initial disclosures to be provided by all parties no later than November 26, 2021. On February 11, 2022, Defendant advised the Court that he provided his disclosures, but Plaintiff still had not provided Defendant any initial disclosures. On April 26, 2022, the Court again ordered Plaintiff to provide full and complete disclosures to Defendant. When Defendant filed the instant motion, Plaintiff still had not served Defendant with his disclosures nearly eight months after Plaintiff was originally ordered to serve timely disclosures, and three months since the Court's second order for Plaintiff to do so. The failure to comply with this Court's orders has impaired Defendant's ability to prepare appropriate dispositive motions, conduct discovery and to otherwise defend this cause of action as he cannot investigate the likely testimony

3

of any individuals who may be called as witnesses by Plaintiff in order to prepare for trial.

## Conclusion

Since Plaintiff has failed to comply with both the October 21, 2021 CMO and the April 26, 2022 Order, this matter is dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. No. 24] is **GRANTED**. This matter is dismissed, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

An Order of Dismissal is entered this same date.

Dated this 9th day of November, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE